## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                              |   |                          |
|------------------------------|---|--------------------------|
|                              | : |                          |
| JEFFREY SCHLOSSER,           | : |                          |
| Plaintiff,                   | : | No. 3:20-cv-433 (WIG)    |
|                              | : |                          |
| v.                           | : |                          |
|                              | : |                          |
| DENISE WALKER, et al.,       | : |                          |
| Defendants.                  | : |                          |
|                              | : |                          |

### RULING ON MOTION TO AMEND

Plaintiff, Jeffrey Schlosser ("Schlosser"), currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. On August 18, 2020, Judge Underhill entered an Initial Review Order directing service of the complaint on Schlosser's Fourteenth Amendment claim for deliberate indifference against defendants Walker, Maldonado, Tiriolo, Russell, and Norfleet for damages in their individual capacities. The claims based on the administrative directives, the ADA, the First Amendment, and sections 53a-174, 53a-174a, and 53a-174b, all other Fourteenth Amendment claims, the request for injunctive relief, the negligence claims, all claims for damages against the defendants in their official capacities, and all claims relating to Schlosser's confinement at Cheshire Correctional Institution were dismissed. Doc. No. 12. Schlosser was advised that he could file a motion to amend with an amended complaint if he could allege facts to cure the deficiencies identified in the ruling. *Id.* at 20. Schlosser has filed a motion for leave to amend and a proposed amended complaint. As he was given leave to amend, the motion, although not required in this case, is **granted**.

Schlosser was granted leave to amend only if he could allege facts correcting the deficiencies in the dismissed claims. Thus, I must review the proposed amended complaint to determine if Schlosser had corrected the previously identified deficiencies and states plausible claims for relief. Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.   Allegations

Six months onto his confinement as a pretrial detainee, Schlosser saw the female Officer Brooks using a cell phone in violation of Administrative Directive 2.17, which prohibits cell phones in correctional facilities. *See* Am. Compl., Doc. No. 16-1 ¶¶ 26-27. Schlosser also observed the following officers using their cell phones on the following dates: Officer

2

Rodriguez on December 28, 2019, between 7:00 p.m. and 8:00 p.m., *id.* ¶ 28; Officer Baldwin on January 11, 2020 at 10:00 p.m., *id.* ¶ 29; the male Officer Brooks on December 26, 2019, *id.* ¶ 30; Officer Matthews on January 24, 2020 during afternoon/evening recreation in the dayroom, *id.* ¶ 31; Officer Black on January 25, 2020, *id.* ¶ 32; Officer Belica on January 25, 2020, *id.* at ¶ 33; Officer Holness on January 26, 2020, *id.* ¶ 34; Officer Matthews on January 26, 2020, *id.* ¶ 35; Officer Heinz during afternoon recreation on January 26, 2020, *id.* ¶ 36; Officer Lacroix on January 31, 2020 between 8:00 p.m. and 9:30 p.m., *id.* ¶ 37; Officer Zack and Officer Matthews on February 2, 2020 during afternoon dayroom recreation, *id.* ¶ 38; Officer Clinton on February 2, 2020 during night recreation, *id.* ¶ 39; and Officer Sanders on December 30, 2019 during dayroom recreation, *id.* ¶ 40.

In January 2020, Schlosser met with Walker, Maldonado, and Tiriolo to discuss this issue. *Id.* ¶ 42. They told Schlosser that he "should remember whose house [he] live[s] in," and his inmate requests were returned with a notation that there was no evidence to support his allegations. *Id.* That evening, Schlosser met with Russell and Norfleet. *Id.* ¶ 43. Russell was angry, and Norfleet threatened to designate Schlosser a gang member, but nothing was done. *Id.*

Schlosser claims that, because Defendants were preoccupied with their phones, "they were too busy ... to write work orders to fix the numerous malfunctioning toilets" or to address broken equipment or unsanitary conditions. *Id.* ¶ 44. Schlosser attempted to address this issue with Santiago after he was sentenced and transferred to a different correctional facility, but Santiago said he did not care. *Id.* ¶ 48.

Schlosser suffers from a "serious mental illness" for which he is not provided services "100% of the time." *Id.* ¶ 46. To support an ADA claim, Schlosser alleges:

> The Department also failed to provide working toilets, unripped sanitized mattresses, lockers that were wall mounted not under the bed so you can clean mice and rat feces and other garbage from under the bed including dust and stuffing. A cell or block 100% free from lice, bed bugs, scabies. A kitchen free 100% from sewage backups, 2 working gymnasiums so a detainee may have 1 hour of recreation ie exercise for 1 hour per day not 1 hour per week....

*Id.*

When reviewing his medical file, received from the Office of the Attorney General, Schlosser recalls that he suffered from a "boil/abscess" "in his groin. *Id.* ¶ 49. Schlosser contends that there are improprieties in his medical records as, on January 25, 2019, the records show that the abscess was draining but, on January 27, 2019, he was advised to monitor the abscess and inform medical staff if it opened up. *Id.* ¶ 51. Schlosser concedes that his abscess was properly treated with antibiotics but believes that he would not have contracted it if the cells were cleaner. *Id.* ¶ 52.

II.    <u>Analysis</u>

In the motion to amend, Schlosser states that he adds seven new defendants, Deputy Commissioner Angel Quiros, Deputy Commissioner Cheryl Cepelak, Director of Security A. Santiago, Governor Ned Lamont, Lieutenant Governor Susan Bysewiecz, the State of Connecticut, and the State of Connecticut Department of Correction. Schlosser states that he names the State and Department of Correction as defendants for the ADA claim. He also alleges to have added information about "other crimes committed" and a groin injury. Mot. to Amend, Doc. No. 16, at 2.

Schlosser asserts claims for violation of various federal statutes, Title II of the ADA, the

Rehabilitation Act, and the Fourteenth Amendment.  I address each claim in turn.

      A.     <u>Americans with Disabilities Act and Rehabilitation Act</u>

Schlosser renews his claim that the defendants violated his rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, by failing to provide a safe, secure, and sanitary facility.  Schlosser also asserts this same claim as a violation of the Rehabilitation Act, 29 U.S.C. § 701.  He adds the State of Connecticut and Connecticut Department of Correction as defendants for these claims.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  42 U.S.C. § 121342.  Claims under the ADA and Rehabilitation Act are considered under the same standard.  *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 286 (2d Cir. 2009).  Thus, I refer only to sections of the ADA in analyzing this claim.

To state a cognizable ADA claim, Schlosser must establish three factors: (1) he is a qualified person with a disability, (2) the defendants in their individual or official capacities are considered an entity subject to the ADA, and (3) he was denied the opportunity to participate in or benefit from an institutional program, service, or activity, or otherwise discriminated against because of his disability.  *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).  I previously explained that, to assert an ADA claim, Schlosser must show "that he has a physical or mental impairment" and "that such impairment substantially limits one or more of [his] major life activities."  *Andino v. Fischer*, 698 F. Supp. 2d 362, 378 (S.D.N.Y. 2010) (internal quotation marks and citations omitted).  "Major life activities" include "caring for oneself, performing

manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). In the Complaint, Schlosser conclusorily alleged that the suffers from "a serious mental illness." Compl., Doc. No. 1 at 15. I determined that this allegation did not show that Schlosser met the first prong of the test because he did not identify his impairment or explain how the impairment impacted any major life activity. Initial Review Order, Doc. No. 12, at 6.

Schlosser again alleges only that the suffers from "a serious mental illness." Am. Compl., Doc. No. 16-1, ¶ 46. Nor has Schlosser alleged facts showing that he was "denied the opportunity to participate in or benefit from any institutional program, service, or activity, or otherwise discriminated against because of his disability." *Henrietta D.*, 331 F.3d at 272. Although Schlosser describes various actions taken or conditions permitted by the defendants, he alleges no facts suggesting that any defendant acted because Schlosser is disabled or that he was treated differently from able-bodied inmates. As Schlosser has not corrected the deficiencies with his ADA claim, the ADA and Rehabilitation Act claims are **dismissed** pursuant to 28 U.S.C. § 1915A(b)(1). As Schlosser has had an opportunity to correct the deficiency and has not done so, the dismissal is with prejudice.

B.    Fourteenth Amendment

Schlosser's Fourteenth Amendment deliberate indifference to health and safety claim against Walker, Maldonado, Tiriolo, Norfleet, and Russell based on unsanitary conditions of confinement was permitted to proceed. Deliberate indifference claims against any other defendants were dismissed. Initial Review Order, Doc. No. 12, at 9-11. Schlosser includes this same claim in his amended complaint.

C.   Conspiracy

Schlosser contends that Walker's statement in response to his inmate request regarding cell conditions that there was no evidence to support his allegations is evidence of a conspiracy among Walker, Maldonado, Tiriolo, Norfleet, and Russell to violate his rights.  *Id.*  ¶ 65.  They also conspired to punish him for filing grievances. *Id.*  ¶ 66.

Under the intracorporate conspiracy doctrine, the officers, employees, and agents of a single corporate entity are legally incapable of conspiring together.  *See Federal Ins. Co. v. United States*, 882 F.3d 348, 368 n.14 (2d Cir. 2018) (affirming application of intracorporate conspiracy doctrine in conspiracy claim under 42 U.S.C. § 1985).  The Second Circuit has not yet considered whether the intracorporate conspiracy doctrine applies to section 1983 cases. However, district courts within the Second Circuit have applied the intracorporate conspiracy doctrine to section 1983 cases and, in particular, to section 1983 cases filed by prisoners.  *See Jones v. Wagner*, 2020 WL 4272002, at *5 (D. Conn. July 24, 2020); *see also Livingston v. Hoffnagle*, 2019 WL 7500501, at *16 (N.D.N.Y. Nov. 8, 2019) (citing cases), *report and recommendation adopted*, 2020 WL 95431 (N.D.N.Y. Jan. 8, 2020).

There is an exception to the intracorporate conspiracy doctrine when individuals are "pursuing personal interests wholly separate and apart from the entity."  *Ali v. Connick*, 136 F. Supp. 3d 270, 282-83 (E.D.N.Y. 2015) (citation and internal quotation marks omitted).  To meet the exception, however, Schlosser must do more than simply allege that the defendants were motivated by personal bias against him.  *See Vega v. Artus*, 610 F. Supp. 2d 185, 205 (N.D.N.Y. 2009) (holding that "in order to allege facts plausibly suggesting that individuals were pursuing personal interests wholly separate and apart from the entity" to overcome the intracorporate

7

conspiracy doctrine "more is required of a plaintiff than simply alleging that the defendants were motivated by personal bias against plaintiff.").

All the defendants were correctional employees.  Thus, the intracorporate conspiracy doctrine applies.  Schlosser alleges that the defendants acted in retaliation for his repeated reporting of cell phone use.  This conclusory allegation suggests that the defendants acted out of personal bias which is insufficient to satisfy the exception.  *See Livingston*, 2019 WL 7500501, at *17 (allegation that defendants conspired to violate his rights in retaliation for repeated requests for protective custody insufficient to meet exception); *Richard v. Leclaire*, 2017 WL 9511181, at *13 (N.D.N.Y. July 10, 2017) (concluding that allegation that defendants conspired to file false disciplinary report and rig hearing so he would be found guilty in retaliation for not guilty finding at prior hearing failed to meet exception).  As all defendants are correctional employees acting within the scope of their employment, any conspiracy claims are **dismissed** under the intracorporate conspiracy doctrine.

> D.    Federal Statutes and Regulations

In the jurisdictional statement in his amended complaint, Schlosser states that, in addition to section 1983 and the ADA and Rehabilitation Act, he brings this action pursuant to 18 U.S.C. §§ 241, 242, 245, and 1791, White Collar Crimes, 42 U.S.C. § 10841, and 15 U.S.C. §§ 4 and 77t(b).  In his legal claims, Schlosser recharacterizes his excessive force and retaliation claims, which were dismissed on initial review, as violations of 18 U.S.C. §§ 241, 242, and 245.

Violations of Title 18 cannot serve as the basis for a civil cause of action unless the specific statute includes an express or implied private right of action.  *Guttilla v. City of New York*, 2015 WL 437405, at *11 (S.D.N.Y. Feb. 3, 2015) (citing *Cort v. Ash*, 422 U.S. 66, 79

(1975)).  Schlosser generally references white collar crimes but does not identify any particular statue or indicate that Congress has created a private right of action.  This general reference is insufficient to state a plausible claim for relief.  There is no private right of action under sections 241, 242, and 245 of Title 18.  *See Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (summary order) (no private right of action under 18 U.S.C. §§ 241, 242); *Gunter v. Long Island Power Auth/Keyspan*, 2011 WL 1225791, at *11 (E.D.N.Y. Feb. 15, 2011) (no private right of action under 18 U.S.C. §§ 242, 245), *adopted*, 2011 WL 1154382 (E.D.N.Y. Mar. 29, 2011).  Section 1971 concerns providing or possessing contraband in a federal correctional facility.  This section also does not create a private right of action and, even if it did, would not apply in this case as Schlosser is held in a state, not a federal, correctional facility.  18 U.S.C. § 1791; *Lumumba v. Marquis*, 2013 WL 5429429, at *4 n.4 (D. Vt. Sept. 30, 2013).

Schlosser cites 42 U.S.C. § 10841 which sets forth rights that should be afforded to mental health patients.  Section 10841 creates no individual federal rights that can be enforced in a section 1983 action.  *See Mele v. Hill Health Ctr.*, 609 F. Supp. 2d 248, 255 (D. Conn. 2009) (statute neither gives plaintiff a private right of action nor created an enforceable federal right) (citing cases).

Schlosser cites two sections of Title 15 of the United States Code.  Title 15, section 4, is the Sherman Antitrust Act, which authorizes the United States Attorney General to institute suit to enforce or prevent violations of the act.  Section 77t(b) authorized the Securities and Exchange Commission to bring an action to enjoin prohibited activities.  Neither statute authorizes an action by a private person.

All claims for violation of 18 U.S.C. §§ 241, 242, 245, and 1791, White Collar Crimes, 42 U.S.C. § 10841, and 15 U.S.C. §§ 4 and 77t(b) are **dismissed** pursuant to 28 U.S.C. § 1915A(b)(1).

### E.  Deliberate Indifference to Medical Needs

Schlosser seeks to add a new claim regarding treatment for a groin injury. To demonstrate the required constitutional deprivation to state a claim for deliberate indifference to serious medical needs, a pretrial detainee must show that his medical need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Schlosser alleges that the suffered from an

abscess near his groin.  He alleges no further facts regarding the seriousness of the condition. However, I will assume, for purposes of this order only, that Schlosser had a serious medical need.

Under the Fourteenth Amendment, the conduct of the defendant is considered objectively.  "[T]he pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."  *Darnell*, 849 F.3d at 35.  Negligence is insufficient to satisfy this component.  *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently).

Schlosser names no medical staff as defendants.  In addition, he alleges that the condition was properly treated with antibiotics.  Thus, he fails to show that any defendant acted intentionally or with reckless disregard for his medical need.  Schlosser's deliberate indifference to medical needs claim is **dismissed** pursuant to 28 U.S.C. § 1915A(b)(1).  Schlosser opines that he might not have contracted the abscess if his cell was cleaner.  This statement is pure conjecture and insufficient to state a plausible claim.  *See Iqbal*, 556 U.S. at 678 (conclusory allegations are not sufficient to state plausible claim).

F.    New Defendants

Finally, Schlosser adds seven new defendants.  He adds the State of Connecticut and the Connecticut Department of Correction as defendants for his ADA and Rehabilitation Act claims. As these claims have been dismissed, there are no claims against the State and the Department of Correction.  They are dismissed as defendants.

11

The five remaining defendants are supervisor officials.  To state a cognizable claim for supervisor liability, Schlosser must show that:

> "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring."

*Shaw v. Prindle*, 661 F. App'x 16, 18 (2d Cir. 2016) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

Schlosser alleges that Quiros, Cepelak, and Santiago failed to supervise staff or correct deficiencies when they visited the correctional facility and Lamont and Bysewiecz failed to appoint trustworthy staff who would enforce Directives and ensure that crimes were not committed on state property.  Am. Compl., Doc. No. 16-1, ¶ 47.  He also alleges that he tried to address the cell phone issue with Santiago after he was sentenced and transferred to a different correctional facility, but Santiago said he did not care.  *Id.*  ¶ 48.

Where the underlying claim has been dismissed, a claim for supervisory liability based on the same facts is not cognizable.  *Lawrence v. Evans*, 669 F. App'x 27, 28 (2d Cir. 2016); *Raspado v. Carlone*, 770 F.3d 97, 127 (2d Cir. 2014) ("Liability cannot be imputed to [the supervisor] without an underlying constitutional violation.").  All claims for commission of a crime or failure to follow Department of Correction Directives regarding cell phone use have been dismissed.  As these appear to be the claims directed to Lamont and Bysewiecz—failure to

hire staff that will follow directives and prevent commission of crimes—the supervisory liability claims against them are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Schlosser alleges that Quiros, Cepelak, and Santiago visited the facility but did not correct the deficiencies. Although general, knowledge of the conditions of confinement can be inferred from the statement. Thus, the Fourteenth Amendment claim for deliberate indifference to health and safety will proceed against Quiros, Cepelak, and Santiago for further development of the record. As this claim concerned Schlosser's confinement as a pretrial detainee at a different facility from that where he is now confined, the claim proceeds for damages only. *See Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief.") (citation and internal quotation marks omitted).

## CONCLUSION

Schlosser's Motion to Amend [**Doc. No. 16**] is **GRANTED**. Schlosser has failed to correct the deficiencies in his ADA claim and fails to allege facts to support a plausible Rehabilitation Act claim. Accordingly, the ADA claim is **NOT REVIVED**, and the Rehabilitation Act claim is **DISMISSED**. As these are the only claims asserted against the State of Connecticut and Connecticut Department of Correction, the Clerk shall terminate them as defendants. The claims for violation of federal statutes, the claim for deliberate indifference to medical needs, the conspiracy claims, and the claim for supervisory liability against defendants Lamont and Bysewiecz are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The case will proceed only on the Fourteenth Amendment claim for deliberate indifference to health and safety at New Haven Correctional Center against Walker, Maldonado,

Tiriolo, Norfleet, Russell, Quiros, Cepelak, and Santiago in their individual capacities for damages.

**The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain the service or current work address for defendants Quiros, Cepelak, and Santiago, mail a waiver of service of process request packet containing the Amended Complaint to each defendant the addresses provided within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of December 2020.

____/s/_____
William I. Garfinkel
United States Magistrate Judge

14