UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEFFREY SCHLOSSER,
    Plaintiff,

v.

DENISE WALKER, et al.,
    Defendants.

No. 3:20-cv-433 (WIG)

**RULING ON MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff, Jeffrey Schlosser ("Schlosser"), currently confined at Cheshire Correctional Institution ("Cheshire") in Cheshire, Connecticut, has filed a motion for emergency restraining order. Schlosser asks the Court to issue orders that Officers McMahon and Burns not harass or act aggressively toward him, Cheshire Correctional Institution give him two books he ordered, no correctional employee harass or retaliate against him, Officers Burns and McMahon not be assigned to any facility in which Schlosser is housed or have any contact with him, and Officer Burns wear a mask at all times. The defendants have objected on the grounds that Officers Burns and McMahon are not defendants in this case and Schlosser's motion is unrelated to any claims in this case. For the following reasons, Schlosser's motion is denied.

Courts in this circuit apply the same standard to motions for temporary restraining order and preliminary injunction. *Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*,

481 F.3d 60, 66 (2d Cir. 2007) (citation omitted).  To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks and citation omitted).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute."  *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *Transamerica Rental Finance Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties.").  "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'"  *North Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief."  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2001) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

The district court has wide discretion in determining whether to grant preliminary injunctive relief.  *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).  "In the prison context, a request for injunctive relief must always be viewed with

2

great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994) (other citations omitted). The Supreme Court has repeatedly stated that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citations omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (citation omitted).

One of the requirements for an award of preliminary injunctive relief is demonstration of a likelihood of success on the merits of his claims. Thus, Schlosser's request for preliminary injunctive relief must relate to those claims. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health*, No. 3:17-cv-325(SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

The remaining claim in this case is a claim for deliberate indifference to health and safety at New Haven Correctional Center. *See* Initial Review Order, Doc. No. 12 at 20. Schlosser filed this case after he was transferred to Cheshire Correctional Institution where he currently is confined. Officers Burns and McMahon do not work at New Haven Correctional Center and any

actions they have taken are unrelated to the claims in this case.  Thus, Schlosser's requested relief is not warranted.

Schlosser's motion for emergency restraining order [**Doc. No. 22**] is **DENIED.**

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of December 2020.

_____/s/_____
William I. Garfinkel
United States Magistrate Judge