UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JEFFREY SCHLOSSER, | : | |
| Plaintiff, | : | No. 3:20-cv-433 (WIG) |
| | : | |
| v. | : | |
| | : | |
| DENISE WALKER, et al., | : | |
| Defendants. | : | |
| | : | |

**RULING AND ORDER**

Plaintiff, Jeffrey Schlosser ("Schlosser"), currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. The sole remaining claim is a Fourteenth Amendment deliberate indifference to health and safety claim against defendants Walker, Maldonado, Tiriolo, Norfleet, Russell, Cepelak, and Santiago in their individual capacities. The claim is based on unsanitary conditions of confinement at New Haven Correctional Center.

Schlosser seeks leave to inspect New Haven Correctional Center pursuant to Federal Rule of Civil Procedure 34. Leave of court is not required to conduct discovery. Thus, the request is denied as moot.

Schlosser also stated that, as he is incarcerated, he cannot inspect the facility himself and asks the court to appoint a representative of OSHA to conduct the inspection of New Haven Correctional Center on his behalf. Although Schlosser has been granted leave to proceed *in forma pauperis* in this action, Doc. No. 8, that status does not entitle him to court payment of discovery expenses. *See Goode v. Faneuff*, No. 3:04CV1524(WWE), 2006 WL 2401593, at *1 (D. Conn. Aug. 18, 2006) (citing cases). Schlosser's request for appointment of an OSHA representative to inspect New Haven

Correctional Center is denied.

Furthermore, while the court has a greater burden and greater responsibility to see that justice is done in *pro se* cases, the court "need not act as an advocate for *pro se* litigants." *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998). Were the court to arrange for an OSHA representative to inspect New Haven Correctional Center, it would be acting as Schlosser's advocate, a role the court declines. Schlosser may contact OSHA himself or arrange for another representative to conduct the inspection.

Schlosser's Request to Permit Inspection [Doc. No. 32] is DENIED as moot with regard to the ability to conduct an inspection and DENIED as to the request for appointment of an OSHA representative to conduct the inspection.

So ordered.

Dated at Bridgeport, Connecticut, this 22nd day of December 2020.

                                                        ___/s/_____
                                                        William I. Garfinkel
                                                        United States Magistrate Judge